COPY

ELIZABETH MCCALL, )
)
Plaintiff, )
)
vs. ) No. 2022-CV-210
)
JAGMEET BENIPAL, AMRIT SINGH and )
SSD EXPRESS, INC., ) Filed 9-28-2022
) Time 2:15 P.M
Defendants. ) Jennifer Wilkerson, Clerk
  By DB D.C

# COMPLAINT

Comes now the Plaintiff and brings this action against the Defendants and would show unto the Court, at all times relevant hereto:

## PARTIES

1. Plaintiff, Elizabeth McCall is a resident of Auburn, Logan County, Kentucky.

2. Defendant, Jagmeet Benipal, upon information and belief is a resident and citizen at 6551 Glenview Drive, Apt. 1424NR, North Richland Hills, TX 76180-9554, Tarrant County, Texas.

3. Defendant, Amrit Singh, upon information and believe is a resident and citizen at 8159 S. Clovis Avenue, Fowler, CA 93625, Fresno County, California.

4. Defendant SSD Express is a for-profit corporation with a principal address listed as 8159 S. Clovis Avenue, Fowler, CA 93625 and a registered agent, Amrit Pal Singh, 8159 S. Clovis Avenue, Fowler, CA 93625, Fresno County, California.

5. At all times relevant to this complaint, the Defendant Singh was the registered owner of the vehicle driven by Defendant Benipal and is therefore a proper party to this action by

1

EXHIBIT A

virtue of T.C.A. §55-10-312.

## JURISDICTION AND VENUE

6. Plaintiff's causes of action arise in tort under and by virtue of the laws of the state of Tennessee for the damages sustained as a result of an automobile collision on October 3, 2021, on I-40, Putnam County, Tennessee.

7. Subject matter jurisdiction is proper pursuant to Tenn. Code Ann §16-10-101.

8. Venue for a trial on the merits in Putnam County, Tennessee, is proper in part by virtue of Tenn. Code Ann. §20-4-101 et seq.

## FACTUAL ALLEGATIONS

9. Plaintiff was westbound, stopped for traffic on I-40, Putnam County, Tennessee.

10. Defendant Benipal was driving a freightliner tractor trailer.

11. Defendant Benipal was traveling westbound on I-40.

12. Defendant failed to stop.

13. Defendant struck Plaintiff's car.

14. Defendant struck Plaintiff's car with such force that it propelled her car into the stopped car in front of Plaintiff.

15. As a result of this collision, Plaintiff sustained injuries.

16. Defendant Benipal was operating a motor vehicle owned by Defendant Singh.

17. Defendant Benipal was operating the aforementioned vehicle with the permission of Defendant Singh.

18. Defendant Benipal was the agent, servant, and/or employee of Defendant SSD Express, Inc.

19. Defendant Benipal was acting within the course and scope of his agency, servitude, and/or employment of Defendant SSD Express, Inc.

20. Defendant SSD Express, Inc. is responsible for the acts of its agent, servant, employee, Defendant Benipal pursuant to respondeat superior, agency, family purpose doctrine or similar law.

## DEFENDANTS' ACTS OF NEGLIGENCE AND STATUTORY VIOLATIONS

21. Plaintiff avers Defendant Benipal was guilty of the following acts of common law negligence, in that he failed to:

    a. maintain the vehicle under proper and reasonable control;

    b. maintain a proper lookout for other vehicles on the roadway;

    c. operate the vehicle at an appropriate speed for the existing conditions;

    d. bring the vehicle under control and to yield when there was sufficient time and distance to do so before striking the Plaintiff;

    e. drive in a reasonable and prudent manner with regard for the control of the vehicle and traffic conditions on the roadway; and

    f. see that which was there to be seen and take proper action with respect thereto.

22. Plaintiff avers Defendant Benipal was negligent in violating the following statutes of the state of Tennessee which were in full force and effect at the time and place of the collision, constituting *negligence per se:*

    a. Tenn. Code Ann. § 55-8-124: Following too closely;

    b. Tenn. Code Ann. § 55-8-136(b): Driver to exercise Due Care; and

    c. Tenn. Code Ann. § 55-8-199: Prohibited use of wireless devices.

23. Defendant Benipal was the permissive user, driver and/or agent of the vehicle owned and registered to Defendant Singh and was acting within the course and scope of such agency.

24. Defendants Singh and SSD Express, Inc. are vicariously liable for the negligence of Defendant Benipal and the Plaintiff's injuries and damages.

3

25. Defendants Singh and SSD Express, Inc. have the negligence of Defendant Benipal imputed to it as the registered owner of the vehicle being driven at the time of the subject collision pursuant to the provisions of Tenn. Code. Ann. §§ 55-10-311 and 312.

## CAUSATION

26. Plaintiff avers Defendants owed a duty of safe, careful and lawful driving to Plaintiff but breached that duty and was negligent.

27. The negligence of Defendants directly and proximately caused the collision and resulted in injuries to Plaintiff and the damages and losses here sought by Plaintiff.

28. As a direct and proximate result of the negligence of the Defendants, Plaintiff suffered serious, disabling, painful and permanent bodily injuries, causing Plaintiff to become liable for medical and other expenses and to suffer bodily impairment.

29. As a direct and proximate result of the negligence of Defendant Benipal and the direct, vicarious and/or imputed negligence of Defendants Singh and SSD Express, Inc., the Plaintiff suffered serious, disabling, painful and permanent bodily injuries, and became liable for medical and other expenses and suffered an impairment to her body.

## INJURIES AND DAMAGES

30. As a direct and proximate result of the Defendants' negligence, Plaintiff asserts she is entitled to damages, including but not limited to the following specific items of damages:

   a. Physical pain, both past and future;
   b. Emotional suffering and grief, both past and future;
   c. Health care expenses, both past and future;
   d. Loss of enjoyment of life;
   e. Permanent impairment and partial disability;
   f. Loss of earning capacity;
   g. Property damages;
   h. Lost wages;

4

i. Costs of this cause; and
j. All other general damages and other relief allowed under the laws of the state of Tennessee to which the Plaintiff may be entitled.

## RELIEF SOUGHT

WHEREFORE, PLAINTIFF PRAYS:

1. For a judgment against the Defendants awardable to the Plaintiff for compensation for past and future medical expenses, past and future pain and suffering, for permanent impairment and disability, past and future lost wages and lost earning capacity and past and future loss of enjoyment of life, in an amount not to exceed $200,000. for the personal injury and disability suffered as the proximate result of the Defendants' negligence.

2. For cost of this matter to be taxed to the Defendants.

3. For such other, further and general relief to which the Plaintiff may be entitled under the law.

Respectfully submitted,

*/s/ Harlene J. Labrum*
Harlene J. Labrum, #32705
LABRUM LAW
718 Thompson Ln, Suite 108-242
Nashville, TN 37204
(615) 338-9500; Fax: 615-241-1110
Harlene@Labrumlawfirm.com

## DISCOVERY IS SERVED WITH THIS COMPLAINT.

5